UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| STALIN FERNANDO C. T., | Case No. 26-cv-247 (LMP/LIB) |
| Petitioner, | |
| v. | ORDER |
| PAMELA BONDI, *Attorney General*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; U.S. DEPARTMENT OF HOMELAND SECURITY; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; and DAVID EASTERWOOD, *Acting Director*, *St. Paul Field Office Immigration and Customs Enforcement*, | |
| Respondents. | |

E. Michelle Drake, John G. Albanese, Katherine Raths, Marika O'Connor Grant, Jordan C. Hughes, Soledad Slowing-Romero, **Berger Montague PC, Minneapolis, MN**, for Petitioner.

Matthew Isihara, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

Petitioner Stalin Fernando C. T. is a native and citizen of Ecuador who entered the United States in November 2022. *See* ECF No. 1 ¶¶ 14–16. Stalin Fernando C. T. was arrested by immigration officials on January 13, 2026, and remains in the custody of United States Immigration and Customs Enforcement. *See id.* ¶¶ 18–23. Stalin Fernando C. T. alleges that he is being detained pursuant to 8 U.S.C. § 1225(b)(2), which mandates his detention. *See id.* ¶ 47. Stalin Fernando C. T. alleges that he is not subject to mandatory

detention under 8 U.S.C. § 1225(b)(2) but instead is entitled to a bond hearing under 8 U.S.C. § 1226(a). *See id.* ¶ 37.

Stalin Fernando C. T. accordingly petitioned for a writ of habeas corpus, contending that he falls within a class of noncitizens eligible for bond. *See generally* ECF No. 1. This Court has already concluded that similarly situated noncitizens are entitled to a bond hearing under 8 U.S.C. § 1226(a). *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025).

The Court ordered the Government to answer the petition no later than January 20, 2026. ECF No. 3. The Government timely responded, agreeing with Stalin Fernando C. T. that his case is not legally or factually distinguishable from those this Court has already decided in favor of the Petitioner. ECF No. 4. Nevertheless, the Government "assert[s] all arguments raised by the government in [*Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025)], preserve[s] those arguments for any appeal in this case, and respectfully request[s] that the Court deny Petitioner's habeas petition." *Id.*

Because nothing distinguishes Stalin Fernando C. T.'s case from those the Court has previously decided, the Court concludes that Stalin Fernando C. T. is entitled to a bond hearing under Section 1226(a).

## ORDER

Accordingly, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

Stalin Fernando C. T.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED** as follows:

1. The Court **DECLARES** that Stalin Fernando C. T. is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

2. The Government is ordered to provide Stalin Fernando C. T. with a bond redetermination hearing under 8 U.S.C. § 1226(a) on the merits of his release no later than January 27, 2026.

3. If the Government does not provide Stalin Fernando C. T. with a bond redetermination hearing as required by this Order, he must be immediately released from detention.

4. No later than January 28, 2026, the Government shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Stalin Fernando C. T.'s release.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 20, 2026         *s/Laura M. Provinzino*
                                Laura M. Provinzino
                                United States District Judge